# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DESELLE VOLSON,
          Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
          Agency.

DOCKET NUMBERS
DA-0752-17-0446-I-1
DA-1221-17-0494-W-1
DA-3330-17-0402-I-1

DATE: April 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Beverly A. Banks</u>, Lawton, Oklahoma, for the appellant.

<u>Ouida F. Adams</u>, Shreveport, Louisiana, for the agency.

<u>Johnston B. Walker</u>, Jackson, Mississippi, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed petitions for review of the initial decisions, which dismissed her probationary termination and individual right of action (IRA) appeals for lack of jurisdiction and denied her corrective action under the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Veterans Employment Opportunities Act (VEOA).[2]  On petition for review, the appellant again claims that she is an employee with chapter 75 appeal rights because the agency failed to issue a revised Standard Form 50 (SF-50) after rescinding the initial termination action, that she has a regulatory right to appeal her termination under 5 C.F.R. §§ 315.804-.806, and that her termination was erroneous.  *Volson v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0446-I-1, Petition for Review File, Tab 1 at 5-9.  She further argues that she exhausted her remaining claims with the Office of Special Counsel (OSC), proving that she is entitled to a hearing on her IRA claims.  *Volson v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-17-0494-W-1, Petition for Review (0494 PFR) File, Tab 1 at 3-6.  She also alleges that the administrative judge improperly weighed contradictory evidence and denied her an opportunity to engage in discovery in her IRA appeal.  *Id.* at 4-5.  Finally, she claims that she is entitled to corrective action under VEOA because she proved that the agency violated 5 U.S.C. § 2302(b)(11) by terminating her.  *Volson v. Department of Veterans Affairs*, MSPB Docket No. DA-3330-17-0402-I-1, Petition for Review File, Tab 1 at 15-18**.**

¶2        Generally, we grant petitions such as these only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material

_____

[2] We JOIN the three appeals under 5 C.F.R. § 1201.36(b) because doing so would expedite the processing of the appeals without adversely affecting the interests of the parties.  The appellant also has filed an appeal under the Uniformed Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335), which the Board will review separately, *Volson v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-17-0401-I-1.

evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the appellant has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions. 5 C.F.R. § 1201.113(b). We address the appellant's claims that were not considered in the initial decisions and the arguments she raises on review.

¶3 The administrative judge found that the appellant was terminated in March 2017, with 10 months of Federal civilian service. *Volson v. Department of Veterans Affairs*, MSPB Docket No. DA-0752-17-0446-I-1, Initial Appeal File (0446 IAF), Tab 7, Initial Decision at 3-5. The agency's apparent failure to issue a revised SF-50 does not itself raise a genuine dispute of material fact whether the appellant was terminated. While an SF-50 is the customary documentation for a Federal personnel action, it is not a legally operative document controlling, on its face, an employee's status and rights. *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010). The appellant's arguments from below—that she has not worked for or returned to duty since March 17, 2017—support that finding. 0446 IAF, Tab 4 at 4-5; *see Scott*, 113 M.S.P.R. 434, ¶ 8 (explaining that the Board looks at the totality of the circumstances to determine the nature of the personnel action). She has not provided argument or evidence to the contrary. *Cf. Yiying Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶¶ 8-10 (2007) (finding that the appellant nonfrivolously alleged that she was an employee with chapter 75 appeal rights by alleging and submitting leave and earning statements indicating that she was in leave without pay status upon the expiration of her probationary period).

¶4 As to the IRA appeal, the administrative judge found that the appellant did not exhaust what the administrative judge construed as alleged disclosures under

5 U.S.C. § 2302(b)(8) and protected activity under section (b)(9)(B)—that she disclosed to her supervisor harassment based on her disabled veteran status and receipt of veterans' preference and that she refused to participate in another's equal employment opportunity (EEO) complaint. *Volson v. Department of Veterans Affairs*, MSPB Docket No. DA-1221-17-0494-W-1, Initial Appeal File (0494 IAF), Tab 24, Initial Decision (0494 ID) at 7-8. On review, the appellant argues that she exhausted "all avenues of redress" within OSC. 0494 PFR File, Tab 1 at 4-5. In support, she submits a July 27, 2017 letter from OSC, reflecting that she alleged in her OSC complaint that her supervisor harassed and bullied her and that she was terminated for requesting reasonable accommodations. *Id.* at 4, 7; *see Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013) (finding that the Board may consider evidence submitted for the first time on review if it implicates the Board's jurisdiction and warrants an outcome different from that of the initial decision). After the issuance of the initial decision, the Board clarified that an appellant has met the substantive requirements of exhaustion when she has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The administrative judge already found that the appellant exhausted her claims that she was terminated and harassed because of her disabled veterans' status and for requesting a reasonable accommodation. 0494 ID at 7-9. However, even considering her additional evidence, we find that the appellant has not established that she exhausted her additional claims with OSC.[3]

---

[3] Even if the appellant exhausted her additional claims, they would not be a basis for finding the Board has jurisdiction over her IRA appeal. The former involves USERRA retaliation that, as with her USERRA discrimination claim, is more appropriately addressed in her separate USERRA appeal. 0494 ID at 10; *Volson v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-17-0401-I-1. As to the latter, the appellant has not nonfrivolously alleged that she testified for or otherwise lawfully assisted another in the exercise of any appeal, complaint, or grievance right granted by law, rule, or regulation as provided under 5 U.S.C. § 2302(b)(9)(A). *Cf. Viens-Koretko v. Department of Veterans Affairs*, 53 M.S.P.R. 160, 163 (1992) (noting that the

¶5		Additionally, while the appellant claims that the administrative judge credited the agency's assertions that she easily could have obtained a copy of her OSC complaint, 0494 PFR File, Tab 1 at 4, there is no indication he made that finding. Rather, he relied on the undisputed fact that the appellant had not submitted her OSC complaint or an affidavit explaining the claims she exhausted with OSC. 0494 ID at 7-8. Furthermore, we cannot ascertain from the appellant's vague claim what discovery error the administrative judge purportedly made. 0494 PFR File, Tab 1 at 5. The administrative judge informed her of the availability of discovery and the deadline for initiating discovery requests. 0494 IAF, Tab 2 at 2-3. To the extent that the appellant alleges that the administrative judge erred in denying her motion to compel, 0494 IAF, Tab 16, we discern no prejudice to her substantive rights because the discovery sought was not pertinent to the exhaustion issue. *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006).[4]

¶6		Finally, assuming that 5 U.S.C. § 2302(b)(11) is a veterans' preference statute, the appellant has not proven by preponderant evidence that the agency violated it by terminating her. *See Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007) (explaining that the appellant must prove, in part, that the agency violated her rights under a statute or regulation relating to veterans' preference to be entitled to corrective action under 5 U.S.C. § 3330a(a)(1)(A)), *aff'd on reconsid.*, 109 M.S.P.R. 453 (2008). She failed to show that the agency violated one of the veterans' preference requirements specifically enumerated in 5 U.S.C. § 2302(e)(1), as is required to prove a violation of 5 U.S.C. § 2302(b)(11). *See generally Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 15 (2009) (noting that veterans' preference rules appear to apply only to hiring

appellant's act of testifying for another employee at an EEO hearing constitutes an activity that is specifically protected under 5 U.S.C. § 2302(b)(9)(B)).

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

and retention during a reduction in force). Therefore, her arguments on review do not prove that she is entitled to corrective action under 5 U.S.C. § 3330a(a)(1)(A) or 5 U.S.C. § 2302(b)(11), assuming that the Board may order a remedy in a VEOA appeal for a violation of that provision.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Even if the appellant's USERRA discrimination claims were an alleged violation of a veterans' preference requirement or her veterans' preference rights, she may not simultaneously seek relief under VEOA for that claim. *See Letchworth v. Social Security Administration*, 101 M.S.P.R. 269, ¶ 14 (2006) (explaining that 5 U.S.C. § 3330a(e)(2) prohibits a preference eligible from pursing a claim of a violation of a veterans' preference statute or regulation under any other law, rule, or regulation).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.